IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD E. BROWN,                )
                                )
            Plaintiff,           )
                                )
    vs.                          )    Case No. 14-2456-JAR
                                )
WESTON TRANSPORTATION,           )
                                )
            Defendant.           )
_____ )

## MEMORANDUM AND ORDER

Plaintiff Ronald Brown, proceeding *pro se* and *in forma pauperis*, filed this action alleging violations under Title VII of the Civil Rights Act of 1964,[1] and the Age Discrimination in Employment Act of 1967.[2] The Court denied Plaintiff's Motion for Default Judgment against Defendant Weston Transportation because he did not comply with the two-step process contemplated by Fed. R. Civ. P. 55 (Doc. 10). Plaintiff then filed a Motion For Default (Doc. 11) and Defendant followed with a Motion for Leave to File Answer Out of Time (Doc. 12). Magistrate Judge O'Hara granted Defendant's motion and Defendant immediately filed an Answer (Docs. 14, 15). This Court then denied Plaintiff's request for default as moot (Doc. 16).

This matter is now before the Court on Plaintiff's Motion for Miscellaneous Relief (Doc. 17), which the Court construes as a motion to review Judge O'Hara's order permitting Defendant to Answer out of time. In that Order, Judge O'Hara noted that although Plaintiff failed to deliver a copy of the summons and complaint to an officer, manager, or agent of Defendant as required by Fed. R. Civ. P. 4(h), Defendant asserts that it is willing to waive this issue in order to file its

---

[1] 42 U.S.C. § 2000e *et seq.*

[2] 29 U.S.C. § 621 *et seq.*

answer out of time for the sake of judicial economy.  This, coupled with Defendant's

demonstration of excusable neglect, served as justification for granting Defendant's motion.[3]

Upon objection to a magistrate judge's order on a non-dispositive matter, the district

court may modify or set aside any portion of the order that it finds to be clearly erroneous or

contrary to law.[4]  The court does not conduct a de novo review; rather, it applies a more

deferential standard under which the moving party must show that the magistrate judge's order is

"clearly erroneous or contrary to law."[5]  The court must affirm the magistrate judge's order

unless the entire evidence leaves it "'with the definite and firm conviction that a mistake has

been committed.'"[6]

The Court is not persuaded by Plaintiff's contentions, and believes Judge O'Hara's

conclusion that Defendant should be permitted to file its Answer out of time is not clearly

erroneous or contrary to law.  As noted by Judge O'Hara, Plaintiff failed to effect service on

Defendant in the manner required by Rule 4(h).  Plaintiff chose to serve the Defendant

corporation under Fed. R. Civ. P. 4(h)(1)(A), which allows service on a corporation by the

manner prescribed by Rule 4(e)(1), which allows service "following state law for serving a

summons in an action brought in courts of general jurisdiction in the state where the district

court is located or where service is made."[7]  Kansas law allows service of process by return

---

[3]Doc. 14.

[4]Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

[5]Fed. R. Civ. P. 72(a); *Burton v. R. J. Reynolds Tobacco Co.*, 177 F.R.D. 491, 494 (D. Kan. 1997).

[6]*Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see Smith v. MCI Telecomm. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991) (district court will generally defer to magistrate judge and overrule only for a clear abuse of discretion).

[7]Fed. R. Civ. P. 4(h)(1)(A) and 4(e)(1).

2

receipt delivery, effected by certified mail.[8]  When serving a corporation, service is required to be made upon an officer, manager, partner or a resident, managing or general agent, and service by return receipt delivery must be addressed to the person at the person's usual place of business.[9]  Plaintiff prepared summons, that the Marshal served by certified mail on "Weston Transportation," at Defendant's corporate address in Kansas City, Missouri, signed for by "Leigh Ann Harstsel."[10]  As set forth above, however, Kansas law requires that such service be made on Defendant corporation's officer, manager, partner or agent.  Moreover, Defendant waived the ineffective service issue in the interest of judicial economy, and demonstrated excusable neglect for failing to timely answer by the date set forth in the summons.  Accordingly, Plaintiff's motion for review shall be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to review Magistrate Judge O'Hara's order of October 30, 2013 (Doc. 17) is DENIED.

**IT IS SO ORDERED.**

Dated: November 5, 2014

                             S/ Julie A. Robinson

                             JULIE A. ROBINSON

                             UNITED STATES DISTRICT JUDGE

---

[8] K.S.A. § 60-303(c).

[9] K.S.A. §§ 60-304(e); 308(a)(2) (service outside state).

[10] Doc. 8.

3