IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD E. BROWN, )
)
                    Plaintiff, )
)
vs. )    Case No. 14-2456-JAR
)
WESTON TRANSPORTATION, )
)
                    Defendant. )
_____ )

## MEMORANDUM AND ORDER

Plaintiff Ronald Brown, proceeding *pro se* and *in forma pauperis*, filed this action alleging violations under Title VII of the Civil Rights Act of 1964,[1] and the Age Discrimination in Employment Act of 1967.[2] On September 10, 2014, Magistrate Judge James P. O'Hara denied Plaintiff's motion for appointed counsel (Doc. 6). Plaintiff filed a second motion to appoint counsel on November 12, 2014, which Judge O'Hara also denied for the same reasons stated in the first Order (Doc. 26). This matter is now before the Court on Plaintiff's Motion for Review (Doc. 32), filed November 20, 2014.[3]

Upon objection to a magistrate judge's order on a non-dispositive matter, the district court may modify or set aside any portion of the order that it finds to be clearly erroneous or contrary to law.[4] The court does not conduct a de novo review; rather, it applies a more

---

[1] 42 U.S.C. § 2000e *et seq.*

[2] 29 U.S.C. § 621 *et seq.*

[3] Plaintiff's objection to Judge O'Hara's order was filed within the fourteen-day period set forth in Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a).

[4] Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

deferential standard under which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to law."[5] The court must affirm the magistrate judge's order unless the entire evidence leaves it "'with the definite and firm conviction that a mistake has been committed.'"[6]

There is no constitutional right to counsel in an employment discrimination case.[7] In determining whether to appoint counsel under 42 U.S.C. § 2000e-5(f)(1), a plaintiff must show "(1) financial inability to pay for counsel, (2) diligence in attempting to secure counsel, and (3) meritorious allegations of discrimination."[8] In close cases, the court considers a fourth factor—plaintiff's ability to present the case without counsel—as an aid in exercising discretion.[9] The determination to appoint counsel involves two competing considerations. On one hand, in light of Congress' special concern regarding legal representation in Title VII actions, the Court must give "serious consideration" to plaintiff's request for counsel.[10] On the other hand,

> the court must keep in mind that Congress has not provided any mechanism for compensating such appointed counsel. Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer

---

[5]Fed. R. Civ. P. 72(a); *Burton v. R. J. Reynolds Tobacco Co.*, 177 F.R.D. 491, 494 (D. Kan. 1997).

[6]*Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see Smith v. MCI Telecomm. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991) (district court will generally defer to magistrate judge and overrule only for a clear abuse of discretion).

[7]*Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

[8]*Id*. at 1421. This provision under Title VII is distinguished from the more general authorization found in 28 U.S.C. § 1915(d), which allows courts to appoint counsel to represent indigent civil litigants.

[9]*See id.*

[10]*Id.*

counsel to undeserving claims will waste a precious resource and
may discourage attorneys from donating their time.[11]

In his Motion for Review, Plaintiff does not claim any error by Judge O'Hara; he merely asks for review of the order denying appointed counsel. Judge O'Hara found as follows: that a review of the papers prepared and filed by Plaintiff indicates that he is capable of presenting the case without the aid of counsel, particularly given the liberal standards governing *pro se* litigants; the factual and legal issues in the case are not extraordinarily complex; this Court will have little trouble discerning the applicable law; it does not appear that Plaintiff's claims are particularly meritorious; that Plaintiff contacted five law firms regarding representation in this case; and that Plaintiff's second motion provided no new information to demonstrate that this is a case in which justice requires the appointment of counsel.

The Court is not convinced of any reversible error by the magistrate judge. Judge O'Hara examined all relevant factors, finding that Plaintiff's case seemingly lacked merit, an essential element to Plaintiff's motion for appointed counsel. Further, Plaintiff's claims are relatively simple, and his First Amended Complaint filed contemporaneously with this motion for review further supports Judge O'Hara's finding that Plaintiff has the capacity to prepare and present his case.[12] Finally, Plaintiff's claims that he has "gotten older" and his health is "not in good condition" do not constitute extenuating circumstances necessitating appointed counsel. Accordingly, Plaintiff has not alleged or shown that Judge O'Hara's order is clearly erroneous or contrary to law, and the order denying appointed counsel is affirmed.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Review of Magistrate

---

[11]*Id*. (citation omitted).

[12]Doc. 31.

Judge O'Hara's order denying appointed counsel (Doc. 32) is DENIED.

**IT IS SO ORDERED.**

Dated: November 24, 2014

                                             S/ Julie A. Robinson

                                             JULIE A. ROBINSON

                                             UNITED STATES DISTRICT JUDGE